**DISCOVERY GUIDE**

This Discovery Guide and Document Production Lists supplement the discovery rules contained in NASD Code of Arbitration Procedure for Customer Disputes ("NASD Customer Code.") (See Rules 12505-12511.)

No requirement under the Discovery Guide supersedes any record retention requirement of any federal or state law or regulation or any rule of a self-regulatory organization.

The Discovery Guide, including the Document Production Lists serves as a guide for the parties and the arbitrators; it is not intended to remove flexibility from arbitrators or parties in a given case.  Arbitrators can order the production of documents not provided for by the Document Production Lists or alter the production schedule described in the Discovery Guide.  Nothing in the Discovery Guide precludes the parties from voluntarily agreeing to an exchange of documents in a manner different from that set forth in the Discovery Guide.  NASD encourages the parties to agree to the voluntary exchange of documents and information and to stipulate to various matters.  The fact that an item appears on a Document Production List does not shift the burden of establishing or defending any aspect of a claim.

The arbitrators and the parties should consider the documents described in Document Production Lists 1 and 2 presumptively discoverable.  Absent a written objection, documents on Document Production Lists 1 and 2 shall be exchanged by the parties within the time frames set forth in the NASD Customer Code.  The arbitrators and parties also should consider the additional documents identified in Document Production Lists 3 through 14, respectively, discoverable, as indicated, for cases alleging the following causes of action:  churning, failure to supervise, misrepresentation/omission, negligence/breach of fiduciary duty, unauthorized trading, and unsuitability.  For the general document production and for each of these causes of action, there are separate Document Production Lists for firms/Associated Person(s) and for customers.

**Confidentiality**

If a party objects to document production on grounds of privacy or confidentiality, the arbitrator(s) or one of the parties may suggest a stipulation between the parties that the document(s) in question will not be disclosed or used in any manner outside of the arbitration of the particular case, or the arbitrator(s) may issue a confidentiality order.  The arbitrator(s) shall not issue an order or use a confidentiality agreement to require parties to produce documents otherwise subject to an established privilege.  Objections to the production of documents, based on an established privilege, should be raised in accordance with the time frame for objections set forth in the NASD Customer Code.

**Affirmation In The Event That There Are No Responsive Documents or Information**

If a party responds that no responsive information or documents exist, the customer or the appropriate person in the brokerage firm who has personal knowledge (i.e., the person who has conducted a physical search), upon the request of the requesting party, must: 1) state in writing that he/she conducted a good faith search for the requested information or documents; 2) describe the extent of the search; and 3) state that, based on the search, no such information or documents exist.

**Admissibility**

Production of documents in discovery does not create a presumption that the documents are admissible at the hearing.  A party may state objections to the introduction of any document as evidence at the hearing to the same extent that any other objection may be raised in arbitration.

* * *

**DOCUMENT PRODUCTION LISTS**

\* \* \*

**LIST 1**

**DOCUMENTS TO BE PRODUCED IN ALL CUSTOMER CASES[1]**

FIRM/ASSOCIATED PERSON(S):

   1)  All agreements with the customer, including, but not limited to, account opening documents, cash, margin, and option agreements, trading authorizations, powers of attorney, or discretionary authorization agreements, and new account forms.

   2)  All account statements for the customer's account(s) during the time period and/or relating to the transaction(s) at issue.

   3)  All confirmations for the customer's transaction(s) at issue.  As an alternative, the firm/Associated Person(s) should ascertain from the claimant and produce those confirmations that are at issue and are not within claimant's possession, custody, or control.

   4)  All "holding (posting) pages" for the customer's account(s) at issue or, if not available, any electronic equivalent.

   5)  All correspondence between the customer and the firm/Associated Person(s) relating to the transaction(s) at issue.

   6)  All notes by the firm/Associated Person(s) or on his/her behalf, including entries in any diary or calendar, relating to the customer's account(s) at issue.

   7)  All recordings and notes of telephone calls or conversations about the customer's account(s) at issue that occurred between the Associated Person(s) and the customer (and any person purporting to act on behalf of the customer), and/or between the firm and the Associated Person(s).

   8)  All Forms RE-3, U-4, and U-5, including all amendments, all customer complaints identified in such forms, and all customer complaints of a similar nature against the Associated Person(s) handling the account(s) at issue.

   9)  All sections of the firm's Compliance Manual(s) related to the claims alleged in the statement of claim, including any separate or supplemental manuals governing the duties and responsibilities of the Associated Person(s) and supervisors, any bulletins (or similar notices) issued by the compliance department, and the entire table of contents and index to each such Manual.

   10) All analyses and reconciliations of the customer's account(s) during the time period and/or relating to the transaction(s) at issue.

---

[1]   Only named parties must produce documents pursuant to the guidelines set forth herein. However, non-parties may be required to produce documents pursuant to a subpoena or an arbitration panel order to direct the production of documents (see Rule 12513).  In addition, the arbitration chairperson may use the Document Production Lists as guidance for discovery issues involving non-parties.

11) All records of the firm/Associated Person(s) relating to the customer's account(s) at issue, such as, but not limited to, internal reviews and exception and activity reports which reference the customer's account(s) at issue.

12) Records of disciplinary action taken against the Associated Person(s) by any regulator or employer for all sales practices or conduct similar to the conduct alleged to be at issue.

* * *

**LIST 2**

**DOCUMENTS TO BE PRODUCED IN ALL CUSTOMER CASES**

CUSTOMER:

1) All customer and customer-owned business (including partnership or corporate) federal income tax returns, limited to pages 1 and 2 of Form 1040, Schedules B, D, and E, or the equivalent for any other type of return, for the three years prior to the first transaction at issue in the statement of claim through the date the statement of claim was filed.

2) Financial statements or similar statements of the customer's assets, liabilities and/or net worth for the period(s) covering the three years prior to the first transaction at issue in the statement of claim through the date the statement of claim was filed.

3) Copies of all documents the customer received from the firm/Associated Person(s) and from any entities in which the customer invested through the firm/Associated Person(s), including monthly statements, opening account forms, confirmations, prospectuses, annual and periodic reports, and correspondence.

4) Account statements and confirmations for accounts maintained at securities firms other than the respondent firm for the three years prior to the first transaction at issue in the statement of claim through the date the statement of claim was filed.

5) All agreements, forms, information, or documents relating to the account(s) at issue signed by or provided by the customer to the firm/Associated Person(s).

6) All account analyses and reconciliations prepared by or for the customer relating to the account(s) at issue.

7) All notes, including entries in diaries or calendars, relating to the account(s) at issue.

8) All recordings and notes of telephone calls or conversations about the customer's account(s) at issue that occurred between the Associated Person(s) and the customer (and any person purporting to act on behalf of the customer).

9) All correspondence between the customer (and any person acting on behalf of the customer) and the firm/Associated Person(s) relating to the account(s) at issue.

10) Previously prepared written statements by persons with knowledge of the facts and circumstances related to the account(s) at issue, including those by accountants, tax advisors, financial planners, other Associated Person(s), and any other third party.

    11) All prior complaints by or on behalf of the customer involving securities matters and the firm's/Associated Person(s') response(s).

    12) Complaints/Statements of Claim and Answers filed in all civil actions involving securities matters and securities arbitration proceedings in which the customer has been a party, and all final decisions and awards entered in these matters.

    13) All documents showing action taken by the customer to limit losses in the transaction(s) at issue.

* * *

**LIST 3**

<b>CHURNING</b>

FIRM/ASSOCIATED PERSON(S)

    1) All commission runs relating to the customer's account(s) at issue or, in the alternative, a consolidated commission report relating to the customer's account(s) at issue.

    2) All documents reflecting compensation of any kind, including commissions, from all sources generated by the Associated Person(s) assigned to the customer's account(s) for the two months preceding through the two months following the transaction(s) at issue, or up to 12 months, whichever is longer. The firm may redact all information identifying customers who are not parties to the action, except that the firm/Associated Person(s) shall provide at least the last four digits of the non-party customer account number for each transaction.

    3) Documents sufficient to describe or set forth the basis upon which the Associated Person(s) was compensated during the years in which the transaction(s) or occurrence(s) in question occurred, including: a) any bonus or incentive program; and b) all compensation and commission schedules showing compensation received or to be received based upon volume, type of product sold, nature of trade (_e.g._, agency v. principal), etc.

* * *

**LIST 4**

<b>CHURNING</b>

CUSTOMER

    No additional documents identified.

* * *

**LIST 5**

<b>FAILURE TO SUPERVISE</b>

FIRM/ASSOCIATED PERSON(S):

    1) All commission runs and other reports showing compensation of any kind relating to the customer's account(s) at issue or, in the alternative, a consolidated commission report relating to the customer's account(s) at issue.

     2)   All exception reports and supervisory activity reviews relating to the Associated Person(s) and/or the customer's account(s) that were generated not earlier than one year before or not later than one year after the transaction(s) at issue, and all other documents reflecting supervision of the Associated Person(s) and the customer's account(s) at issue.

     3)   Those portions of internal audit reports at the branch in which the customer maintained his/her account(s) that:  (a) focused on the Associated Person(s) or the transaction(s) at issue; and (b) were generated not earlier than one year before or not later than one year after the transaction(s) at issue and discussed alleged improper behavior in the branch against other individuals similar to the improper conduct alleged in the statement of claim.

     4)   Those portions of examination reports or similar reports following an examination or an inspection conducted by a state or federal agency or a self-regulatory organization that focused on the Associated Person(s) or the transaction(s) at issue or that discussed alleged improper behavior in the branch against other individuals similar to the improper conduct alleged in the statement of claim.

* * *

**LIST 6**

**FAILURE TO SUPERVISE**

CUSTOMER

     No additional documents identified.

* * *

**LIST 7**

**MISREPRESENTATION/OMISSIONS**

FIRM/ASSOCIATED PERSON(S)

     Copies of all materials prepared or used by the firm/Associated Person(s) relating to the transactions or products at issue, including research reports, prospectuses, and other offering documents, including documents intended or identified as being "for internal use only," and worksheets or notes indicating the Associated Person(s) reviewed or read such documents.  As an alternative, the firm/Associated Person(s) may produce a list of such documents that contains sufficient detail for the claimant to identify each document listed.  Upon further request by a party, the firm/Associated Person(s) must provide any documents identified on the list.

* * *

**LIST 8**

### MISREPRESENTATION/OMISSIONS

CUSTOMER

     1)   Documents sufficient to show the customer's ownership in or control over any business entity, including general and limited partnerships and closely held corporations.

     2)   Copy of the customer's resume.

     3)   Documents sufficient to show the customer's complete educational and employment background or, in the alternative, a description of the customer's educational and employment background if not set forth in a resume produced under item 2.

\* \* \*

**LIST 9**

### NEGLIGENCE/BREACH OF FIDUCIARY DUTY

FIRM/ASSOCIATED PERSON(S)

     Copies of all materials prepared or used by the firm/Associated Person(s) relating to the transactions or products at issue, including research reports, prospectuses, and other offering documents, including documents intended or identified as being "for internal use only," and worksheets or notes indicating the Associated Person(s) reviewed or read such documents.  As an alternative, the firm/Associated Person(s) may produce a list of such documents that contains sufficient detail for the claimant to identify each document listed.  Upon further request by a party, the firm/Associated Person(s) must provide any documents identified on the list.

**LIST 10**

### NEGLIGENCE/BREACH OF FIDUCIARY DUTY

CUSTOMER

     1)   Documents sufficient to show the customer's ownership in or control over any business entity, including general and limited partnerships and closely held corporations.

     2)   Copy of the customer's resume.

     3)   Documents sufficient to show the customer's complete educational and employment background or, in the alternative, a description of the customer's educational and employment background if not set forth in a resume produced under item 2.

\* \* \*

**LIST 11**

**UNAUTHORIZED TRADING**

FIRM/ASSOCIATED PERSON(S)

    1)   Order tickets for the customer's transaction(s) at issue.

    2)   Copies of all telephone records, including telephone logs, evidencing telephone contact between the customer and the firm/Associated Person(s).

    3)   All documents relied upon by the firm/Associated Person(s) to establish that the customer authorized the transaction(s) at issue.

**LIST 12**

**UNAUTHORIZED TRADING**

CUSTOMER

    1.   Copies of all telephone records, including telephone logs, evidencing telephone contact between the customer and the firm/Associated Person(s).

    2.   All documents relied upon by the customer to show that the transaction(s) at issue was made without his/her knowledge or consent.

* * *

**LIST 13**

**UNSUITABILITY**

FIRM/ASSOCIATED PERSON(S)

    1)   Copies of all materials prepared, used, or reviewed by the firm/Associated Person(s) related to the transactions or products at issue, including but not limited to research reports, prospectuses, other offering documents, including documents intended or identified as being "for internal use only," and worksheets or notes indicating the Associated Person(s) reviewed or read such documents.  As an alternative, the firm/Associated Person(s) may produce a list of such documents.  Upon further request by a party, the firm/Associated Person(s) must provide any documents identified on the list.

    2)   Documents sufficient to describe or set forth the basis upon which the Associated Person(s) was compensated in any manner during the years in which the transaction(s) or occurrence(s) in question occurred, including, but not limited to:  a) any bonus or incentive program; and b) all compensation and commission schedules showing compensation received or to be received based upon volume, type of product sold, nature of trade (e.g., agency v. principal), etc.

**LIST 14**

**UNSUITABILITY**

CUSTOMER

     1) Documents sufficient to show the customer's ownership in or control over any business entity, including general and limited partnerships and closely held corporations.

     2) Written documents relied upon by the customer in making the investment decision(s) at issue.

     3) Copy of the customer's resume.

     4) Documents sufficient to show the customer's complete educational and employment background or, in the alternative, a description of the customer's educational and employment background if not set forth in a resume produced under item 3.