FINRA DISPUTE RESOLUTION

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC. and AKAMAI SECURITIES CORPORATION,<br><br>Claimants,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES INC.,<br><br>Respondent. | FINRA-DR Arbitration No. 10-01720 |

## NOTICE OF RESPONSES AND OBJECTIONS TO FINRA DOCUMENT PRODUCTION LIST DOCUMENT REQUESTS

Pursuant to the NASD Code of Arbitration Procedure for Customer Disputes, Rule 12506(b)(1), DEUTSCHE BANK SECURITIES INC. ("DBSI") submits the following responses and objections to the Document Production Lists referenced in Rule 12506.

## RESPONSES TO SPECIFIC REQUESTS

All of the following responses are made subject to and without waiving the Explanatory Statement and General Objections set forth below.

## LIST 1: Documents to be Produced in All Customer Cases

### Request No. 1

All agreements with the customer, including, but not limited to, account opening documents, cash, margin, and option agreements, trading authorizations, powers of attorney, or discretionary authorization agreements, and new account forms.

### Response to Request No. 1

Respondent agrees to produce copies of all agreements with the customer, including, but not limited to, account opening documents, cash, margin, and option agreements, trading

authorizations, powers of attorney, or discretionary authorization agreements, and new account forms for the account(s) at issue, as identified in the Statement of Claim (the "Claim").

**Request No. 2**

All account statements for the customer's account(s) during the time period and/or relating to the transaction(s) at issue.

**Response to Request No. 2**

Respondent agrees to produce copies of the requested documents for the account(s) at issue, as identified in the Statement of Claim (the "Claim").

**Request No. 3**

All confirmations for the customer's transaction(s) at issue. As an alternative, the firm/Associated Person(s) should ascertain from the claimant and produce those confirmations that are at issue and are not within claimant's possession, custody, or control.

**Response to Request No. 3**

Respondent agrees to produce copies of the requested documents for the account(s) at issue, as identified in the Statement of Claim (the "Claim").

**Request No. 4**

All "holding (posting) pages" for the customer's account(s) at issue or, if not available, any electronic equivalent.

**Response to Request No. 4**

Respondent agrees to produce account statements and confirmations for the account(s) at issue. Beyond that, Respondent objects to this Request as vague and ambiguous, overbroad, duplicative, redundant, unduly burdensome and not related to the matter in controversy.

**Request No. 5**

All correspondence between the customer and the firm/Associated Person(s) relating to the transaction(s) at issue.

**Response to Request No. 5**

Respondent agrees to produce the requested documents, except to the extent the Request is construed to call for electronic mail (*see* General Objection 9). As for electronic mail, Respondent is willing to discuss specific parameters for a reasonable search for responsive electronic communications between the parties relating to the transactions at issue pursuant to this Request. If Claimant wishes to pursue such discovery, Respondent requests that Claimant provide a list of all email addresses used by Claimant and its agents to correspond with Respondent. To the extent that this Request seeks additional unspecified documents, Respondent objects to this Request as overbroad and unduly burdensome.

**Request No. 6**

All notes by the firm/Associated Person(s) or on his/her behalf, including entries in any diary or calendar, relating to the customer's account(s) at issue.

**Response to Request No. 6**

Respondent agrees to produce copies of diary entries or notes made by Kevin Lynch relating to the transactions at issue. Beyond that, Respondent objects to this Request as overbroad, unduly burdensome and not "specific" as required by the FINRA Rules.

**Request No. 7**

All recordings and notes of telephone calls or conversations about the customer's account(s) at issue that occurred between the Associated Person(s) and the customer (and any person purporting to act on behalf of the customer), and/or between the firm and the Associated Person(s).

**Response to Request No. 7**

Respondent agrees to produce copies of diary entries or notes made by Kevin Lynch relating to the transactions at issue. Respondent further states that DBSI branch offices do not as a matter of practice tape record conversations. Nevertheless, if such recordings exist,

3

Respondent agrees to produce such materials. Beyond that, Respondent objects to this Request as overbroad and unduly burdensome.

**Request No. 8**

All Forms RE-3, U-4, and U-5, including all amendments, all customer complaints identified in such forms, and all customer complaints of a similar nature against the Associated Person(s) handling the account(s) at issue.

**Response to Request No. 8**

Respondent agrees to produce Kevin Lynch's CRD record reflecting any reportable customer complaints and amendments. To the extent that this request seeks additional documents, Respondent objects on the grounds that it is irrelevant, overly broad, not "specific" and potentially violates the privacy rights of non-parties to this dispute.

**Request No. 9**

All sections of the firm's Compliance Manual(s) related to the claims alleged in the statement of claim, including any separate or supplemental manuals governing the duties and responsibilities of the Associated Person(s) and supervisors, any bulletins (or similar notices) issued by the compliance department, and the entire table of contents and index to each such Manual.

**Response to Request No. 9**

To facilitate discovery, and without waiving its objection based on confidentiality and based on the execution of an appropriate Confidentiality Agreement, Respondent will produce the tables of contents and/or the index to the Deutsche Bank Alex. Brown Policy & Procedure Manual (dated 7/16/07), the Deutsche Bank Alex. Brown Policy & Procedure Manual (dated 12/5/07), and the Deutsche Bank Alex. Brown Written Supervisory Procedures Manual (dated 11/16/07), which were the relevant manuals in effect at the time of the alleged events at issue. Thereafter, Respondent will produce relevant sections of these manuals requested by Claimant. Beyond that, Respondent objects to this Request as it is overbroad, ambiguous, and seeks to

impose upon Respondent the obligation to produce confidential, proprietary documents without the protection afforded by a Confidentiality Agreement.

**Request No. 10**

All analyses and reconciliations of the customer's account(s) during the time period and/or relating to the transaction(s) at issue.

**Response to Request No. 10**

Respondent agrees to produce any non-privileged responsive documents.

**Request No. 11**

All records of the firm/Associated Person(s) relating to the customer's account(s) at issue, such as, but not limited to, internal reviews and exception and activity reports which reference the customer's account(s) at issue.

**Response to Request No. 11**

Respondent agrees to produce those portions of branch internal reviews, exception and activity reports that relate to the transactions at issue. Respondent has also agreed to produce a wide range of other documents relating to Claimant's accounts in response to other specific requests. Beyond that, Respondent objects to this Request as vague and ambiguous, overbroad, unduly burdensome and not related to the matter in controversy.

**Request No. 12**

Records of disciplinary action taken against the Associated Person(s) by any regulator or employer for all sales practices or conduct similar to the conduct alleged to be at issue.

**Response to Request No. 12**

Respondent objects to this Request, on confidentiality grounds, as it may violate the privacy rights of persons who are not parties to this dispute, and further objects to this Request on grounds that compliance with it, without redacting the names of third party customers, may be deemed a violation of the privacy rights of such persons.

## LIST 3: Churning

### Response

Respondent objects to the requests from List 3 because this is not a churning matter and this list is consequently inapplicable. Respondent objects to the List 3 requests on the grounds that they are irrelevant, overly broad, harassing, unduly burdensome, and not "specific" and does not "relate to the matter in controversy" as required by the FINRA Rules.

## LIST 5: Failure to Supervise

### Request No. 1

All commission runs and other reports showing compensation of any kind relating to the customer's account(s) at issue, or, in the alternative, a consolidated commission report relating to the customer's account(s) at issue.

### Response to Request No. 1

Respondent agrees to produce any commission runs relating to the transactions at issue, as alleged in the Claim. To the extent that this request seeks additional documents, Respondent objects on the grounds that it is irrelevant, overly broad, harassing, unduly burdensome, and not "specific" and does not "relate to the matter in controversy" as required by the FINRA Rules.

### Request No. 2

All exception reports and supervisory activity reviews relating to the Associated Person(s) and/or the customer's account(s) that were generated not earlier than one year before or not later than one year after the transaction(s) at issue, and all other documents reflecting supervision of the Associated Person(s) and the customer's account(s) at issue.

### Response to Request No. 2

Respondent agrees to produce any exception or supervisory reports that relate to the transactions at issue, as alleged in the Claim. To the extent that this request seeks additional documents, Respondent objects on the grounds that it is irrelevant, overly broad, harassing,

unduly burdensome, and not "specific" and does not "relate to the matter in controversy" as required by the FINRA Rules.

**Request No. 3**

Those portions of internal audit reports at the branch in which the customer maintained his/her account(s) that: (a) focused on the Associated Person(s) or the transaction(s) at issue; and (b) were generated not earlier than one year before or not later than one year after the transaction(s) at issue and discussed alleged improper behavior in the branch against other individuals similar to the improper conduct alleged in the statement of claim.

**Response to Request No. 3**

After execution of an appropriate Confidentiality Agreement, Respondent agrees to produce those responsive portions of internal audit reports at the branch in which Claimant maintained its accounts during the relevant time period at issue that reference Kevin Lynch or the transactions at issue, redacting the names of third-party customers. Absent an appropriate Confidentiality Agreement, Respondent objects to this request on the grounds that it seeks to impose upon Respondent the obligation to produce confidential, proprietary documents without the protection afforded by a Confidentiality Agreement and potentially invades the privacy rights of non-parties to this dispute. To the extent that this request seeks additional documents, Respondent objects on the grounds that it is irrelevant, overly broad, harassing, unduly burdensome, and not "specific" and does not "relate to the matter in controversy" as required by the FINRA Rules.

**Request No. 4**

Those portions of examination reports or similar reports following an examination or an inspection conducted by a state or federal agency or a self-regulatory organization that focused on the Associated Person(s) or the transaction(s) at issue or that discussed alleged improper behavior in the branch against other individuals similar to the improper conduct alleged in the statement of claim.

**Response to Request No. 4**

After execution of an appropriate Confidentiality Agreement, Respondent agrees to produce those responsive portions of examination reports at the branch in which Claimant maintained its accounts during the relevant time period at issue that reference Kevin Lynch or the transactions at issue, redacting the names of third-party customers. Absent an appropriate Confidentiality Agreement, Respondent objects to this request on the grounds that it seeks to impose upon Respondent the obligation to produce confidential, proprietary documents without the protection afforded by a Confidentiality Agreement and potentially invades the privacy rights of non-parties to this dispute. To the extent that this request seeks additional documents, Respondent objects on the grounds that it is irrelevant, overly broad, harassing, unduly burdensome, and not "specific" and does not "relate to the matter in controversy" as required by the FINRA Rules.

## LIST 7: Misrepresentation/Omissions

**Request No. 1**

Copies of all materials prepared or used by the firm/Associated Person(s) relating to the transactions or products at issue, including research reports, prospectuses, and other offering documents, including documents intended or identified as being "for internal use only," and worksheets or notes indicating the Associated Person(s) reviewed or read such documents. As an alternative, the firm/Associated Person(s) may produce a list of such documents that contains sufficient detail for the claimant to identify each document listed. Upon further request by a party, the firm/Associated Person(s) must provide any documents identified on the list.

**Response to Request No. 1**

Respondent agrees to produce copies of any informative or offering materials relating to the transactions at issue that were previously provided to Claimant in connection with the transactions at issue. Respondent also agrees to produce the official statements for each of the securities at issue, which provide additional detail regarding those specific securities. Beyond

8

that, Respondent objects to this Request as overbroad, unduly burdensome and not related to the matter in controversy.

## LIST 9: Negligence/Breach of Fiduciary Duty

**Request No. 1**

Copies of all materials prepared or used by the firm/Associated Person(s) relating to the transactions or products at issue, including research reports, prospectuses, and other offering documents, including documents intended or identified as being "for internal use only," and worksheets or notes indicating the Associated Person(s) reviewed or read such documents. As an alternative, the firm/Associated Person(s) may produce a list of such documents that contains sufficient detail for the claimant to identify each document listed. Upon further request by a party, the firm/Associated Person(s) must provide any documents identified on the list.

**Response to Request No. 1**

See List 7, Response No. 1.

## LIST 11: Unauthorized Trading

**Response**

Respondent objects to the requests from List 11 because this is not an unauthorized trading matter and this list is consequently inapplicable. Respondent objects to the List 11 requests on the grounds that they are irrelevant, overly broad, harassing, unduly burdensome, and not "specific" and does not "relate to the matter in controversy" as required by the FINRA Rules.

## LIST 13: Unsuitability

**Request No. 1**

Copies of all materials prepared, used, or reviewed by the firm/Associated Person(s) related to the transactions or products at issue, including but not limited to research reports, prospectuses, other offering documents, including documents intended or identified as being "for internal use only," and worksheets or notes indicating the Associated Person(s) reviewed or read such documents. As an alternative, the firm/Associated Person(s) may produce a list of such documents. Upon further request by a party, the firm/Associated Person(s) must provide any documents identified on the list.

**Response to Request No. 1**

See List 7, Response No. 1.

**Request No. 2**

Documents sufficient to describe or set forth the basis upon which the Associated Person(s) was compensated in any manner during the years in which the transaction(s) or occurrence(s) in question occurred, including, but not limited to: a) any bonus or incentive program; and b) all compensation and commission schedules showing compensation received or to be received based upon volume, type of product sold, nature of trade (e.g., agency v. principal), etc.

**Response to Request No. 2**

Respondent agrees to produce documents sufficient to reflect the commissions received by Kevin Lynch in connection with the transactions at issue. Beyond that, Respondent objects to this Request as vague and ambiguous, overbroad, unduly burdensome and not related to the matter in controversy.

## EXPLANATORY STATEMENT AND OBJECTIONS

Each of the responses above is made subject to and without waiving the following general objections and explanatory statement:

1. In preparing these responses, DBSI has placed a good faith interpretation on the allegations in the Statement of Claim and the terminology set forth in the Document Production Lists referenced in Rule 12506. The foregoing Responses and Objections are based upon the facts, documents and information presently known and available to DBSI. Discovery, investigation, and analysis are ongoing and may disclose the existence of additional facts, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations or changes to these Responses.

2. The agreement by DBSI to produce a document or category of documents is not a representation that such document or category of documents exists or is in DBSI's possession, custody or control.

3. DBSI objects to each Request to the extent that it seeks information and/or documents protected from disclosure based on the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or substantive right, such as the right of privacy.

4. DBSI objects to each Request to the extent it seeks information and/or documents containing commercially sensitive information relating to DBSI's business, internal policies, procedures, programs and/or guidelines. Such documents shall be produced only after the parties execute an appropriate Confidentiality Agreement.

5. DBSI objects to this request to the extent that it seeks documents relating to the institutional business unit of Deutsche Bank, rather than from the retail broker-dealer unit (Private Wealth Management) with which Claimant maintained its securities accounts.

6. DBSI objects to each Request to the extent it seeks private, confidential information and/or documents without adequate protection. Such documents shall be produced only after the parties execute an appropriate Confidentiality Agreement.

7. DBSI objects to each Request to the extent it seeks documents that are not within its possession, custody or control.

8. DBSI's production of any document shall not be construed as a waiver of any objection DBSI might later assert to Claimant's proposed introduction of such document into evidence.

9.  DBSI's Specific Responses and Objections to the individual requests shall be deemed to incorporate, and shall not be deemed a waiver of, these General Objections.

10. DBSI object to each Request as overbroad and unduly burdensome to the extent it would require a search for electronic mail or other electronic communications in sources other than DBSI's central electronic mail archive.

Dated: August 27, 2010

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
Toby S. Soli. Esq.
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

-AND-

Jason M. Fedo, Esq., FBN 186287
777 South Flagler Drive
Suite 300 East
West Palm Beach, FL  33401
Telephone:  (561) 650-7900
Facsimile:  (561) 655-6222

*Attorneys for Respondent,* DEUTSCHE BANK SECURITIES INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Federal Express and electronic mail on this 27th day of August, 2010 on:

Michael T. Gass, Esq. *(One Copy)*
Jennifer E. Tracy, Esq.
CHOATE HALL & STEWARD LLP
Two International Place
Boston, MA  02110

Andrew Weissman, Esq. *(One Copy)*
Matthew W. Alsdorf, Esq.
JENNER & BLOCK
919 Third Avenue, 37th Floor
New York, NY 10022

_____
Toby S. Soli