# CHOATE

CHOATE HALL & STEWART LLP

Meghan L. Rhatigan
(617) 248-4755
mrhatigan@choate.com

September 7, 2011

**VIA ELECTRONIC COURT FILING**

Honorable Joseph L. Tauro
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

RE:   *Akamai Technologies, Inc. & Akamai Securities Corp. v. Deutsche Bank AG*;
    **Civil Action No. 10-10254-JLT**

Dear Judge Tauro:

As previously indicated, I am one of the attorneys representing Akamai Technologies, Inc. and Akamai Securities Corp. (together, "Akamai") in the above-referenced matter, and I write in response to the letter of Toby S. Soli, counsel for Deutsche Bank AG ("DB AG"), filed with the court last night.

It is not our intention to belabor the essentially procedural issues surrounding DB AG's filing of its Motion to add deponents as "uncontested." We do, however, want to make our underlying substantive position clear to the Court. Akamai's position has consistently been that it would not give its unqualified assent to DB AG's Motion because Akamai intended to preserve its rights with respect to the apex employee argument, which is currently pending before the Court. *See* Docket Numbers 60-62, 64, 66. In other words, Akamai's position has been that it would not be fair for one side to be permitted to take depositions of high-level employees, if the other side was not permitted to do so. To be clear, we continue to believe that DB AG's apex employee argument does not have merit, and as such, that both DB AG's high-level employees and Akamai's Board members should be subject to deposition. However, if the Court accepts DB AG's motion to exclude or limit the deposition of its high-level employees, Akamai contends that any limitations the Court places on deposing DB AG's high-level employees would be equally applicable to Akamai's board members, who are the subject of the Motion.[1] Thus, our position on the amendment of DB AG's deponent list is directly tied to the determination the Court makes with respect to the apex employee argument.

---

[1] Akamai's willingness to provide dates when its board members were available for deposition was never intended to be a concession that such depositions were appropriate, but merely a good-faith effort on Akamai's

Honorable Joseph L. Tauro
September 7, 2011
Page 2

Akamai awaits the Court's decision on this issue and will take direction from the Court as to the appropriateness of permitting the deposition of both parties' high-level employees and board members.

Sincerely,

Meghan L. Rhatigan

---

part to ensure the Board members' availability in advance of the October 21, 2011 discovery cut-off date, should the Court determine that it is appropriate for DB AG to take their depositions.

Honorable Joseph L. Tauro
September 7, 2011
Page 3

## CERTIFICATE OF SERVICE

I, Meghan L. Rhatigan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 7, 2011.

/s/ Meghan L. Rhatigan
Meghan L. Rhatigan

4934598v1